1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| NORMA MILLER, | ) | |
| | ) | **Case No. CV 04-04994 AJW** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | **ORDER GRANTING  PETITION** |
| **COMMISSIONER OF SOCIAL** | ) | **FOR ATTORNEY FEES** |
| **SECURITY ADMINISTRATION[1],** | ) | 42 U.S.C. § 406(b) |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Plaintiff's counsel Laura Lackey-Krank ("petitioner") has filed a petition for attorney fees under 42 U.S.C. § 406(b) (the "Petition") in the total amount of eight thousand, nine hundred dollars ($8,900) for 24.2 hours of attorney time and 3.7 hours of paralegal time. Defendant filed a response to the petition discussing the principles for determining a "reasonable" fee, but because he is not a party to the fee agreement between plaintiff and petitioner, he has not taken a position supporting or opposing the fee petition.

**Proceedings**

On November 9, 2005, judgment was entered reversing and remanding this case to defendant for further administrative proceedings.  On remand, plaintiff was awarded social security disability benefits, including an award of past-due disability insurance benefits in the total amount of $35,984.00.  [Petition 3;

---

[1]    Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart. Fed. R. Civ. P. 25(d)(1).

1  Declaration of  Laura Lackey-Krank ("Petitioner's Decl."), ¶ 4 & Ex. 3 ].  Plaintiff subsequently was

2  awarded the stipulated sum of $4,000 in attorney's fees pursuant to the Equal Access to Justice Act

3  ("EAJA"), 24 U.S.C. § 2412(d).[2]  [Order filed September 29, 2006].

4                                              **Discussion**

5       Section 406(b) provides, in part:

6       Whenever a court renders a judgment favorable to a claimant under this subchapter who was

7       represented before the court by an attorney, the court may determine and allow as part of its

8       judgment a reasonable fee for such representation, not in excess of 25 percent of the total of

9       the past-due benefits to which the claimant is entitled by reason of such judgment, and the

10      Commissioner of Social Security may . . . certify the amount of such fee for payment to such

11      attorney out of, and not in addition to, the amount of such past-due benefits.

12  42 U.S.C. § 406(b)(1)(A).  Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out

13  of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits."  Gisbrecht

14  v. Barnhart, 535 U.S. 789, 792 (2002).  In Gisbrecht, the Supreme Court explained that where the plaintiff

15  has entered into a contingent fee agreement with counsel, section 406(b) is meant "to control, not to

16  displace, fee agreements between Social Security benefits claimants and their counsel." Gisbrecht, 535 U.S.

17  at 793.  The Court held that where the claimant and counsel had entered into a lawful contingent fee

18  agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of

19  fees requested under section 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee

20  agreements."  Gisbrecht, 535 U.S. at 793.

21       While courts review fee agreements as an "independent check, to assure that they yield reasonable

22

23  _____

24  [2]     In general, where attorneys' fees are awarded under both the EAJA and section 406(b), the
    attorney must refund the smaller of the two awards to the claimant. See Gisbrecht v. Barnhart, 535 U.S.
25  789, 796 (2002) (noting that "Congress harmonized fees payable by the Government under EAJA with
    fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the
26  claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the
    claimant receives 100% of the past-due benefits).  Consistent with this obligation, petitioner's section
27  406(b) fee request includes a request for an order directing her to refund the amount of the EAJA fee
    award to plaintiff. [Petition 1-2].

28

2

1    results in particular cases," lawful contingent-fee agreements are "*the primary means by which fees are set*"

2    for the successful representation of social security disability claimants in court. Gisbrecht, 535 U.S. at 807

3    (emphasis added); see Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) ("Gisbrecht held that the

4    lodestar approach was inappropriate for evaluating a contingent-fee agreement under § 406(b).... As long

5    as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded

6    past-due benefits, noted the Court, § 406(b) simply instructs a court to review the agreement for

7    reasonableness.")(internal citations omitted). Gisbrecht provided some examples of instances in which a

8    downward adjustment of the agreed contingent fee might be in order. Gisbrecht, 535 U.S. at 807-808. The

9    Court left to the district courts, however, the task of how best to determine whether enforcement of a

10    contingent fee agreement is reasonable in a particular case. See Gisbrecht, 535 U.S. at 808 ("Judges of our

11    district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and

12    their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful

13    review."); see also Ellick v. Barnhart, 445 F.Supp.2d 1166, 1168-1172 (C.D. Cal. 2006)(surveying all

14    reported decisions to date applying Gisbrecht and noting a lack of uniformity in the district courts' approach

15    to the reasonableness inquiry under Gisbrecht).

16      Plaintiff retained petitioner as her attorney to represent her in this action for review of defendant's

17    decision denying her application for disability insurance and supplemental security income benefits.

18    Plaintiff agreed to pay petitioner an amount equal to 25% of any past-due benefits awarded if plaintiff

19    prevailed in this case. [Petition 5; Petitioner's Decl. ¶ 2 & Ex. 1]. Under Gisbrecht, the court examines

20    plaintiff's contingent fee agreement with petitioner only to assure that the enforcement of that agreement

21    is reasonable. See Thomas v. Barnhart, 412 F.Supp.2d 1240, 1244 (M.D. Ala. 2005) (observing that "the

22    hurdle Gisbrecht erects for the claimant's attorney is rather low, and a change to the [fee] agreement is

23    warranted at least, and perhaps at most, when justice requires"). The court may consider factors such as the

24    character of the representation, the results achieved, the ratio between the amount of any benefits award and

25    the time expended, any undue delay attributable to counsel that caused an accumulation of back benefits,

26    and whether the requested fee award would constitute a "windfall" to the attorney. See Gisbrecht, 535 U.S.

27    at 808; Mudd, 418 F.3d at 428; see, e.g., Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003)

28

3

1  (awarding section 406(b) fees post-Gisbrecht where (1) counsel sought less than the maximum 25%

2  contingent fee allowed by law; (2) counsel "faced a substantial risk of loss" because the plaintiff alleged a

3  variety of impairments that "were not susceptible to clear and straightforward forms of proof, and some of

4  which involved lengthy and complicated medical histories"; (3) "Congress has indicated the permissibility,

5  within limits, of rewarding attorneys for assuming the risk of going uncompensated for representing Social

6  Security claimants"; (4)  the value of the benefits award to the plaintiff was "substantially more than the

7  past-due benefits on which the fee is based" because the plaintiff also received ongoing disability benefits;

8  (5) counsel devoted "considerable time and careful attention" to the case; and (6) "[p]etitioner's challenge

9  to the ALJ's determination at step five was central to the court's decision to remand the case to the

10  Commissioner") (citations omitted).

11  In this case, several relevant factors weigh in favor of granting petitioner's fee request.  First,

12  petitioner obtained a favorable result for her client in the form of a remand for further administrative

13  proceedings, which in turn led to a sizeable award of past-due benefits as well as ongoing disability

14  insurance benefits. [Petitioner's Decl., ¶ 4 & Ex. 3].

15  Second, petitioner's requested section 406(b) fee of  $8,900 does not exceed the maximum 25%

16  contingent fee authorized by law and by the contingent fee agreement between petitioner and plaintiff. [See

17  Petition 24; Petitioner's Decl., ¶ 2 & Ex. 1].[3]

18  Third, this case carried with it the risk of loss inherent in social security disability contingent-fee

19  cases.  If petitioner had not succeeded in obtaining a favorable decision, no attorney's fee would have been

20  payable under the contingent fee agreement.  See Faircloth v. Barnhart, 398 F.Supp.2d 1169, 1173-74

21  (D.N.M. 2005)(noting that "a report from the Social Security Advisory Board reveals that a mere 35% of

22  claimants who file at the United States District Court level will obtain benefits," and that Congress enacted

23  section 406(b) to curtail "abusive practices of a few attorneys who charged successful claimants anywhere

24

25  [3]  Plaintiff was awarded past-due benefits in the amount of $35,984.00. The maximum allowable
   attorney's fee payable under 42 U.S.C. §§ 406(a) and (b) is 25% of that sum, or $8996.00. Petitioner has
26  applied for attorney's fees in the amount of seven thousand dollars ($7,000) under 42 U.S.C. § 406(a)
   for representing plaintiff at the administrative level.  Petitioner has represented that upon receipt of an
27  order granting this fee petition, the fee petition under section 406(a) will be amended so that the
   aggregate fee request does not exceed $8,996.75. [Petition 24].

28

1  from one-third to one-half of the accrued benefits awarded" but "Congress also sought 'to ensure that

2  attorneys representing successful claimants would not risk nonpayment of appropriate fees'")(quoting

3  Gisbrecht, 535 U.S. at 804-805).

4      Fourth, there is no evidence in the record before the court, nor any suggestion by defendant, that

5  petitioner unduly delayed the resolution of this case or engaged in any overreaching.

6      Fifth, petitioner spent 24.2 hours of attorney time and 3.7 hours of paralegal time litigating this case

7  in district court, a figure that is within the norm for social security disability cases. See Patterson v. Apfel,

8  99 F. Supp.2d 1212, 1214 & n.2 (C.D. Cal. 2000) (collecting cases).

9      Defendant points out that petitioner's contingent fee request would amount to an average de facto

10  hourly rate of $319.00 for attorney time.  Following Gisbrecht, district courts "generally have been

11  deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto

12  hourly rates may exceed those for non contingency-fee arrangements." Hearn, 262 F. Supp. 2d at 1037-38

13  (collecting post-Gisbrecht section 406(b)cases awarding de facto hourly rates ranging from a low of about

14  $188 to a high of about $695, and approving a contingent fee that amounted to a de facto hourly rate of

15  about $450); see also Mudd, 418 F.3d at 428-429 (affirming a § 406(b) fee award of 25% of the claimant's

16  past-due benefits that produced a de facto hourly rate of about $737); Claypool v. Barnhart, 294 F.Supp.2d

17  829, 833-34 (S.D. W.Va. 2003) (approving a contingency fee agreement that yielded a de facto rate of

18  $1,433 per hour, and rejecting as inconsistent with Gisbrecht the argument that the court should determine

19  a reasonable hourly rate and multiply it by the number of hours spent); Brown v. Barnhart, 270 F. Supp. 2d

20  769, 772-73 (W.D. Va. 2003)(approving a fee amounting to a de facto rate of $977 per hour).  As one

21  district court explained, "any reliance on a non-contingent rate without taking into account the contingent

22  nature of this 42 U.S.C. § 406(b) fee could undercompensate [the plaintiff's counsel]." Hearn, 262 F.Supp.2d

23  at 1037.  Bearing these  principles in mind, the effective hourly rate in this case is not so high as to represent

24  an impermissible "windfall" to petitioner. See generally Black v. Astrue, 2007 WL 1202886, at *1 (9th Cir.

25  2007)(holding that the district court abused its discretion in reducing a fee award under section 406(b) where

26  the district court "focused on a lodestar-type calculation" and in particular on the relatively high effective

27  hourly rate "rather than crediting the contingency fee agreement and then performing a reasonableness

28

5

1  check").

2       Considering all of the <u>Gisbrecht</u> factors, enforcement of the fee agreement between petitioner and

3  plaintiff is reasonable.

4                                            **Conclusion**

5       For the reasons described above, petitioner is awarded attorney fees under 42 U.S.C. § 406(b) in the

6  sum of **eight thousand, nine hundred dollars ($8,900).**  Petitioner is directed to pay to plaintiff the sum

7  of **four thousand dollars ($4,000),** representing a refund of the EAJA fees previously awarded, within

8  fifteen days of petitioner's receipt of  section 406(b) attorney fees.

9  **IT IS SO ORDERED.**

10

11  DATED: June 18, 2007                                        / s /

12                                        _____
                                          ANDREW J. WISTRICH
13                                        United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28